**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3**
**Eastern Division**

Deborah Laufer
                      Plaintiff,

v.                                                        Case No.: 1:21−cv−00313
                                                           Honorable Steven C. Seeger

VRINDAVAN CORPORATION
                      Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, February 3, 2021:

      MINUTE entry before the Honorable Steven C. Seeger: The Court reviewed the complaint, which brings a claim under the Americans with Disabilities Act against the operator of a local hotel. Plaintiff lives in Florida, and she is bound to a wheelchair and can only walk a few steps. The complaint alleges that she is a self−proclaimed "tester" of ADA compliance. The complaint alleges that she visited the website for a hotel run by Defendant Vrindavian Corp. in the Chicagoland suburbs. And that website, according to Plaintiff, did not comply with applicable ADA regulations. The visit to the website was not, it appears, part of some hope of visiting West Chicago in the wintertime. Instead, Plaintiff alleges that she tests lots of websites for lots of businesses, and looks for non−compliance with the ADA. And she "maintains a system" for keeping track of "every hotel she sues." Id. at para. 11. She alleges that Defendant's non−complaint website makes her feel "frustration and humiliation" and limits her "right to travel." The Court has significant questions about whether Plaintiff has suffered an injury in fact and thus has standing to sue. In particular, it is not clear why Plaintiff suffered an actual or imminent injury. Plaintiff may view herself as an "ADA tester," but the requirements of Article III apply to all plaintiffs, even plaintiffs motivated by a desire to enforce the law. "[W]hile tester status does not defeat standing, it does not automatically confer it either. A tester must still satisfy the elements of standing, including the injury−in−fact requirement." See Carello v. Aurora Policemen Credit Union, 930 F.3d 830, 833 (7th Cir. 2019) (Barrett, J.). Plaintiff does not allege that she had any real−world plans to book a hotel room, but was inhibited from doing so. And she does not allege that she suffered a concrete injury in any other personal way. The Seventh Circuit offered important guidance about alleged dignity harms in Carello. By February 19, 2021, Plaintiff shall file a statement and show cause why the case should not be dismissed for lack of standing. Among other things, Plaintiff must attach to the filing a copy of the "list of all hotels she has sued," as alleged in the complaint. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of

Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.