UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

DEBORAH LAUFER,
    Plaintiff,
v.
                              Civil action no.    1:21-cv-00313

VRINDAVAN CORPORATION,
a Domestic BCA,
    Defendant.

MOTION FOR LEAVE TO FILE EXCESS PAGES

Plaintiff, by and through undersigned counsel, hereby respectfully moves this Court, pursuant to Rule 7.1 of this Court's Local Rules of Civil Procedure, for an Order granting Plaintiff leave to file a Statement to Show Cause and Demonstrate Standing in excess of fifteen pages, but not to exceed thirty pages pursuant to the Court's order dated February 3, 2021. In support of this motion, Plaintiff states as follows:

1. Local Rule 7.1 provides that the page limitation for responses in opposition do shall not exceed 15 pages.

2. In order for Plaintiff to properly respond to the Court with a Statement to Show Cause and Demonstrate Standing, this requires an extensive analysis of various Supreme Court and Circuit Court decisions on the rules of statutory construction including whether intent or motivation is required, tester standing,

    the right to information and the analysis of how and the interpreted applicable law.

3. As such, Plaintiff cannot adequately apprise the court of all the applicable authorities in less than 30 pages.

**MEMORANDUM**

There are numerous district court opinions in which a majority have ruled that a plaintiff

need not intend to book a room or visit a hotel in order to have a cause of action for online reservation discrimination. A minority of district courts have reached the opposite conclusion. Extensive briefing is required to apprise this Court of the analysis of the applicable provisions of the governing statute and regulation and the issues of tester standing, informational injury and statutory interpretation. Essentially the central issue is whether the statute and regulation create a right of informational injury or whether additional requirements of intent and physical nexus can be imposed. A thorough reading of applicable Supreme Court precedent and circuit court opinions is necessary for a court to exactly determine whether the governing statutory and regulatory provisions create a right of injury that is automatically triggered by the deprivation of information, or whether something additional is required. Only a reading of the entirety of applicable precedent will provide this Court with a clear explanation of the law.

Minority courts which have imposed an intent/physical nexus requirement base their opinions on declining to apply one critical Supreme Court case and citing only select passages from other opinions, while overlooking other passages from those same opinions that discuss informational injury.

Therefore, it is virtually impossible to adequately apprise this Court of the applicable law within the page limitations imposed by the local rule.

WHEREFORE, Plaintiff, respectfully requests:

1. That this Court allow Plaintiff to file an Opposition to the pending Motion to Dismiss in excess of fifteen (15) pages, but not to exceed [30] pages.

                                                Respectfully submitted,

                                                Attorney for Plaintiffs:

/s/ Amale Knox

Amale Knox, Esq.
**Thomas B. Bacon, P.A.**
330 Harrison St.
Pontiac, MI 48341
ph. (248) 719-1001
amale.knox.esq@gmail.com

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record this 4th day of February, 2021.

*/s/ Amale Knox*
Attorney